SHARPE *v.* HUNT.

4-7141                                   174 S. W. 2d 678

Opinion delivered November 1, 1943.

*Claude E. Love* and *Sam Goodkin,* for appellant.

*Floyd E. Stein,* for appellee.

McFADDIN, J. This appeal questions the correctness of a jury verdict on conflicting evidence involving a running account. L. C. Sharpe (appellant) sued V. C. Hunt (appellee) in municipal court for a balance of $169.03 on account. From an adverse judgment, the plaintiff appealed to the circuit court, where there was a jury verdict for the defendant. The only contention here urged is that the verdict was contrary to the law and the evidence.

Hunt owned two tracts of land, referred to as the "twenty-acre tract" and the "other land"; and desired to build a six-room house with the timber from the twenty-acre tract. Sharpe owned a sawmill nearby; and in February, 1940, Hunt proposed to cut and deliver to the sawmill his own timber from the twenty-acre tract, and Sharpe agreed to manufacture the logs into lumber at a certain price. This price affords one of the disputes in the case. Hunt says he was to pay Sharpe $4 per thousand for the rough lumber, and $8 per thousand for the dressed lumber. Sharpe testified that he was to receive $9 per thousand for the rough lumber and $14 per thousand for the dressed lumber. Then regarding the

logs from the twenty acres: Hunt testified that he delivered to Sharpe 25,000 feet of logs to be manufactured and returned to him; and that Sharpe only returned a few thousand feet, and owes for the balance.

The parties also had other dealings which were used as either charges or offsets on the account in this case, to-wit: (1) Sharpe hauled about 7,000 feet of lumber for Hunt from the twenty acres, and the price of this hauling is in dispute. (2) Hunt purchased from Sharpe certain other lumber to complete the house, and the amount of this lumber is in dispute. (3) Sharpe bought one mule from Hunt at $75 to be credited on account; and Sharpe also took another mule. Regarding this other mule, Sharpe says he was to pay $75 if he decided to keep the mule, but that he returned the mule, so owes nothing for the other mule. Hunt testified that the transaction about the other mule was a flat sale for $50 with no warranty, and that the mule died the day after Sharpe returned him, and from injuries suffered while being worked by Sharpe. (4) Sharpe bought some logs from Hunt from the "other land," and the amount of these logs was to be credited on the account. The scaling of these logs and the amount of the credit is in dispute.

Appellant's counsel have favored us with a splendid brief, urging that even if all of appellee's contentions are given full force and effect, still there is left a balance of $47.15 as due by Hunt to Sharpe, for which amount we are urged to render judgment here; and in support of that contention, appellant cites us to the case of *Toll* v. *Lewis,* 136 Ark. 318, 206 S. W. 442, where this court reversed a chancery court decree on conflicting items in an account. We point out that *Toll* v. *Lewis* was an equity case, where this court could review the evidence *de novo.* If that situation prevailed here, we might seriously consider appellant's contention for judgment for $47.15. But the case here is a law case, as distinct from an equity case; and in a law case the finding of the jury, if supported by substantial evidence, is not to be disturbed by the Supreme Court on appeal. This rule is of such long standing that the citation of the cases so

declaring would consume several pages. For cases in point, see West's Arkansas Digest, "Appeal and Error," § 1001.

The appellant's argument, asking us to render judgment here for the amount of $47.15 fails to take into consideration: (a) appellee's contention about the price of manufacturing; and also (b) appellee's contention that he did not receive from Sharpe all of the lumber from the twenty-acre tract. Furthermore, appellee testified that instead of owing appellant anything, appellant owed him; so it cannot be said that the verdict was contrary to the evidence.

In short, we find that ample evidence was introduced to support a jury verdict for either side. The jury decided for appellee; and we cannot disturb that verdict. Affirmed.